UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SOCRATES PEEPLES MACHADO,**

  **Plaintiff,**

v.                 Case No: 6:23-cv-1749-DCI

**SECRETARY, U.S. DEPT. OF STATE,**
**RYAN M. DOOLEY,**

  **Defendants.**

## ORDER

Pending before the Court is Defendants' Motion for Partial Summary Judgment or, in the Alternative, Motion for Partial Judgment on the Pleadings to Dismiss Ryan M. Dooley (Dooley) as a Party. Doc. 27 (the Motion). While Plaintiff concedes that Defendant Dooley's dismissal from this action is appropriate (Doc. 28), the Court will still address Defendants' arguments for partial judgment because the Motion is due to be granted only in part.

  **I.**  **Background and Procedural History**

Plaintiff applied for a passport, and on May 13, 2022, the U.S. Department of State denied the request. Docs. 1 at 3; 1-1 at 2. Plaintiff seeks judicial review of the denial and sues the Secretary of the Department of State and Defendant Dooley as Director of the Miami Passport Agency—"an agency of the United States government involved in the acts challenged in this action." Doc. 1 at 3, 8. Plaintiff claims the Court has jurisdiction pursuant to 8 U.S.C. § 1503(a). *Id*. at 2.

On December 13, 2023, Defendants filed an Answer to the Complaint. Doc. 14. Defendants now seek partial judgment as to Defendant Dooley pursuant to Federal Rules of Civil

Procedure 12(c) and 56. Doc. 27. Defendants' argument for dismissal is two-fold, albeit one argument is made in the alternative. Primarily, Defendants claim that the only proper Defendant in this action is the head of the State Department in his official capacity. *Id*. at 5.[1] Defendants assert that pursuant to 8 U.S.C. § 1503(a), a claim may only be brought against the head of the department or independent agency that denied a plaintiff's claim to a right or privilege as a national of the United States on the ground that he is not a national of the United States. *Id*. Defendants contend that Defendant Dooley is not the head of the department or independent agency that denied Plaintiff's passport application. *Id*. at 5 to 6. As such, Defendants claim entitlement to summary judgment *or* judgment on the pleadings pursuant to Federal Rules of Civil Procedure 56 and 12(c), respectively, and seek to dismiss Defendant Dooley as a party to this action. *Id*.

Alternatively, Defendants argue that the Court should dismiss Defendant Dooley because the Complaint and the supporting exhibits reflect that he did not issue the denial of Plaintiff's passport application. *Id*. at 6 to 7. Defendants contend that even though Plaintiff alleges that Defendant Dooley is the head of the agency that denied his passport application, the exhibit attached to the Complaint contradicts this allegation. *Id*. at 6. Again citing § 1503(a), Defendants argue in the alternative that the Court should grant partial judgment pursuant to Rule 12(c) or Rule 56 and dismiss Defendant Dooley. *Id*. Based on the foregoing, it seems that under Defendants' first argument the head of the Department of State should be named as the sole Defendant, while the second argument leaves room for the possibility that the correct director of the applicable passport agency could have also been named in this suit.

---

[1] In short, Defendants contend that "'[t]he U.S. Department of State runs each passport agency.'" *Id*. (citing https://travel.state.gov).

Plaintiff has filed a Response to the Motion and states that he agrees that Defendant Dooley was not involved in adjudicating his passport application and also agrees that Defendant Dooley is not a properly named Defendant in this matter. Doc. 28 at 2. Plaintiff concedes that "Defendant Dooley is neither the head of a department involved in the denial of the subject U.S. Passport application, nor is Defendant Dooley the head of an independent agency involved in the denial of the subject U.S. Passport application." *Id*. Accordingly, Plaintiff represents that he does not object to the dismissal of Defendant Dooley as a Defendant in this action. *Id*. Plaintiff does not specify whether the source for dismissal should be Rule 12(c) or 56 and does not seem to take a position as to Defendants' contention that only the head of the Department of State should have been named at the start. *See id*.

## II.     Discussion

As to Defendants' contention that Defendant Dooley should be dismissed because the Secretary of the Department of State should be the only Defendant, the Court is not convinced, though not necessarily because Defendants' argument lacks merit. Simply put, Defendants do not adequately brief the issue or provide sufficient law to support the argument. Defendants' general citation to § 1503(a) and a Southern District of New York case from 1952 does not assist the Court. *See* Local Rule 3.01(a) ("A motion must include. . . a legal memorandum supporting the request.").

Even so, the Court is satisfied that Defendant Dooley should be dismissed pursuant to Rule 12(c). "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings . . . is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). "When resolving a motion for judgment on the pleadings under Rule 12(c), . . .

the Court must consider all of the pleadings: the complaint, the answer, and any documents attached as exhibits" *Hernandez v. Aurobindo Pharma USA, Inc.*, 582 F. Supp. 3d 1192, 1197 (M.D. Fla. 2022).²

"In some circumstances, exhibits can overcome the presumption that the nonmoving party's allegations are true." *E-Z Dock, Inc. v. Snap Dock, LLC*, 2022 WL 4120012, at *1 (M.D. Fla. Sept. 9, 2022) (citing *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015)). "The 'incorporation by reference' doctrine applies when considering Rule 12(c) motions." *Id*. (citing *Horsely v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also*, *Nationwide Mut. Fire Ins. Co. v. Kaloust Fin., LLC*, 2012 WL 6589739, at *2 (M.D. Fla. Dec. 18, 2012) ("The incorporation by reference doctrine allows the Court to consider a document attached to the pleadings without converting a Rule 12(c) motion into a motion for summary judgment if the document is central to the claim and its authenticity is not challenged."). "When the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

Here, Plaintiff's exhibit contradicts his allegation that "[Dooley], is the Director of the Miami Passport Agency, an agency of the United States government involved in the acts challenged in this action." Namely, Plaintiff's own exhibit reflects that it is the Atlanta—and not the Miami—Passport Agency that is listed on the denial of the passport application. Doc. 1-1 at 2. So, while Defendant Dooley may be the Director of the Miami Passport Agency as alleged, the denial letter shows that the Atlanta Passport Agency is the "agency involved" in the alleged acts. The exhibit controls. Indeed, as stated *supra*, Plaintiff agrees that he improperly named Defendant

---

² Under Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

Dooley and makes no objection to dismissal. Doc. 28 at 2. Accordingly, Defendants are entitled to relief based on their alternative argument.

### III. Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Defendants' Motion (Doc. 27) is **GRANTED in part** to the extent that Defendants seek partial judgment on the pleadings pursuant to Rule 12(c) as to Defendant Dooley. The remainder of the Motion is **DENIED**;

2. Defendant Dooley is hereby **DISMISSED** from this case; and

3. If any party seeks an entry of judgment or any further relief concerning the dismissal of Defendant Dooley, they shall file a motion on or before December 23, 2024.

**ORDERED** in Orlando, Florida on December 12, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE