# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SOCRATES PEEPLES MACHADO,**

      **Plaintiff,**

**v.**                                                    **Case No: 6:23-cv-1749-DCI**

**SECRETARY, U.S. DEPT. OF STATE,**

      **Defendant.**

_____

# ORDER

Pending before the Court are the parties' respective Motions to Dismiss the Proceedings. Docs. 51, 52.  Both parties agree that the case should be dismissed, but the Court must decide whether dismissal should be with or without prejudice.  For the reasons stated in this Order, the Court finds that the case is due to be dismissed with prejudice.

## I.    Background and Procedural History

Plaintiff applied for a passport, and on May 13, 2022, the U.S. Department of State denied the application.  Docs. 1 at 3; 1-1 at 2.  Through the Complaint, Plaintiff sought judicial review of the denial and sued the Secretary of the Department of State and Ryan M. Dooley as Director of the Miami Passport Agency—"an agency of the United States government involved in the acts challenged in this action."  Doc. 1 at 3, 8.  Defendants filed an Answer, and the Court entered a Case Management and Scheduling Order (CMSO) setting the deadlines related to the trial.  Docs. 14, 18.

In accordance with the CMSO, Defendant timely filed its Trial Brief (Doc. 32), but Plaintiff failed to do so.  Defendant also filed a Motion *In Limine*, which reflected that Plaintiff opposed the relief (Doc. 31 at 13), but Plaintiff did not file a response with the Court.[1]

On May 6, 2025, the Court conducted the Final Pretrial Conference, but neither Plaintiff nor his counsel attended.  As such, the Court canceled the trial and directed that Plaintiff show cause why the case should not be dismissed for failure to comply with the CMSO and to attend the Final Pretrial Conference.  Doc. 36.  Plaintiff filed a response to the Order to Show Cause and cited to attorney error as the reason for noncompliance.  Doc. 38.

On June 18, 2025, the Court held a Case Management Conference.  Counsel for both parties appeared, and the Court reset the trial for July 29, 2025.  Docs. 40, 42.

On the day of trial, Plaintiff did not appear.  Doc. 50.  Plaintiff's counsel informed the Court that Plaintiff abandoned the case, and Plaintiff's counsel moved for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).  At the direction of the Court, the parties conferred on the nature of the dismissal—with or without prejudice—but the parties could not agree on the appropriate outcome.  The Court, therefore, adjourned and directed the parties to file their respective motions on the dispute.  *Id*.  Defendant has filed its Motion to Dismiss With Prejudice (Doc. 51), and Plaintiff has filed his Motion to Dismiss Without Prejudice (Doc. 52).  The parties have submitted their Responses to the Motions to Dismiss**,** and the matter is ripe for review.

---

[1] The Court decided that a response to Defendant's position was necessary and, therefore, directed Plaintiff to respond.  Doc. 33.  Plaintiff eventually filed a response in opposition.  Doc. 34.

## II.      Standard

Plaintiff requests dismissal without prejudice pursuant to Rule 41(a)(2), while Defendant

seeks a dismissal with prejudice under Rule 41(b).  In relevant part, Rule 41 provides the following:

**(a) Voluntary Dismissal.**

\*\*\*

**(2)** *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed.R.Civ.P. 41(a)(2), (b).

A district court has authority to manage its docket to expeditiously resolve cases, and this

authority includes the power to dismiss a case for failure to prosecute or failure to comply with a

court order.  *See Equity Lifestyle Props., Inc.* v. *Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d

1232, 1240 (11th Cir. 2009) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991);

Fed.R.Civ.P. (b)).  "Dismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where

the litigant has been forewarned, generally is not an abuse of discretion.'"  *Owens v. Pinellas Cty.*

*Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (citing *Moon v. Newsome*, 863 F.2d 835,

837 (11th Cir. 1989)).  But dismissal of a case with prejudice is considered "a sanction of last

resort" and should only be applied in "extreme circumstances."  *Goforth v. Owens*, 766 F.2d 1533,

1535 (11th Cir. 1985) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)); *see*

*also World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (stating that dismissal is a "drastic sanction").

A court may only impose a dismissal with prejudice when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); **and** (2) the district court specifically finds that lesser sanctions would not suffice." *World Thrust Films*, 41 F.3d at 1456 (emphasis added) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). "The district court must make findings satisfying both prongs of this standard before dismissal as a sanction under Rule 41(b) is appropriate." *Calloway v. Perdue Farms, Inc.*, 313 F. App'x 246, 249 (11th Cir. Feb. 19, 2009). With respect to the first prong, simple negligence is not enough to justify dismissal. *Id.* (citing *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *EEOC v. Troy State University*, 693 F.2d 1353, 1357 (11th Cir. 1982) ("A party's simple negligence or other action grounded in a misunderstanding of a court order does not warrant dismissal.").

## III.    Discussion

As an initial matter, the Court notes that from the start of the case there seemed to be a disconnect between the parties' conferral and the necessity for Court involvement. Indeed, Defendant argues that several events demonstrate that dismissal with prejudice is warranted considering Plaintiff's conduct during discovery and his failure to amend the pleading. Specifically, Defendants[2] filed a motion to compel discovery responses and certified that the parties conferred but could not resolve the discovery dispute. Doc. 21. Even so, Plaintiff filed a response to the motion and stated that he had since provided supplemental responses to the

---

[2] Both Defendants were parties to the case when they moved to compel discovery.

discovery.  Doc. 22.  Accordingly, Defendants withdrew their motion.  Doc. 23.[3]  Defendant argues that Plaintiff's counsel's overall response to Defendants' discovery requests was less than prompt and the delay supports dismissal with prejudice.  Doc. 58 at 11.

Further, Defendants filed a Motion for Partial Summary Judgment or, in the Alternative, Motion for Partial Judgment on the Pleadings to Dismiss Dooley as a party.  Doc. 27.  Counsel for the parties discussed Defendants' position before Defendants filed the Motion but Plaintiff did not amend the pleading.  Instead, Plaintiff waited until Defendants expended the time and resources to file the Motion to concede to the Court that he improperly named Dooley as a Defendant in this case.  Doc. 28 at 2.  Plaintiff ultimately requested that the Court enter an order dismissing Dooley as a party to this case.  *Id*. at 3.  Defendant argues that Plaintiff's delay reflects bad faith.  Doc. 51 at 3 to 4.[4]

---

[3] Defendant argues that despite the Court's instructions regarding discovery responses, Defendant needed to file a motion to compel to obtain complete responses because Plaintiff did not fully comply with the requests until about July 29, 2024.  Doc. 58 at 10 to 11.

[4] In Defendant's Motion to Dismiss, Defendant complains that on December 18, 2023, Defendant's counsel advised Plaintiff's counsel of Defendant's position that Dooley was improperly named during the Rule 26(f) conference.  Doc. 51 at 4.  Defendant represents that Plaintiff's counsel acknowledged Defendant's position via email, but Plaintiff did not amend the pleading.  *Id*.  Defendant adds that on October 18, 2024, Defendant's counsel asked Plaintiff's counsel whether Plaintiff would oppose Defendant's motion to dismiss Dooley as a party, but "Plaintiff's counsel stated Plaintiff opposed it because this was the first time counsel had become aware of the issue and Defendant wanted to 'fight about everything.'"  *Id*.  Defendant argues that Plaintiff's continued opposition to the relief forced Defendant to fully brief the matter and, since Plaintiff did not oppose the motion, the event demonstrates bad faith and the "willful waste of the Court's and the government's resources."  *Id*.  In the Response, "Plaintiff concedes that counsel requested this party's dismissal at an early stage."  Doc. 55 at 6.  Plaintiff asserts, however, that "Plaintiff is at a loss to understand how requiring Defendant to submit an appropriate filing seeking Dooley's dismissal underlies any intent by Plaintiff to purposefully delay these proceedings or to otherwise make the prosecution of this matter more difficult."  *Id*. at 6 to 7.  Plaintiff states that he "submits that the issue of whether Dooley was a properly named Defendant is best considered a 'housekeeping' issue irrelevant to the question of whether Plaintiff could ultimately convince the

While the Court does not necessarily agree with Defendant that these two events prove that Plaintiff acted in bad faith, it seems Plaintiff's failure to resolve these issues during conferral resulted in an unnecessary expenditure of resources. At the very least, those examples seem to foreshadow a pattern of delay and willful contempt.

As trial approached, (1) Plaintiff failed to file the Trial Brief and (2) Plaintiff's counsel failed to appear at the Final Pretrial Conference. In the CMSO, the Court provided that "[i]n the case of a bench trial, the parties are **required** to file trial briefs with proposed findings of fact and conclusions of law, and they also must e-mail editable copies of the trial briefs in Microsoft Word® format to chambers_flmd_irick@flmd.uscourts.gov." Doc. 18 at 19 (emphasis in original). The Court also specified that "[t]he Court will conduct a final pre-trial conference (PTC) on the date set by this CMSO, and lead trial counsel and local counsel for each party (if any), together with any unrepresented party, must attend ***in person*** unless previously excused by the Court." *Id*. at 19 (emphasis in original). As such, the failure to file the Trial Brief and attend the conference resulted in two separate violations of the Court's Order.

In addition, even though the parties conferred, and Plaintiff's counsel represented that the Motion *In Limine* was opposed (Doc. 31 at 13), the Court had to direct Plaintiff to file his response to elicit the nature of the opposition because Plaintiff did not timely file a response. Doc. 33. Plaintiff eventually filed the response, but Plaintiff's failure to do so within the allotted time violated the Local Rules of this Court. *See* Local Rule 3.01(d).[5] Also, Plaintiff's delay gave the Court less time to consider the issue and prepare for the Final Pretrial Conference. And, notably,

---

District Court that he is a 'national of the United States' in accordance with 8 U.S.C. § 1503(a)." *Id*. at 7.

[5] Plaintiff concedes that the failure to file the timely response to the Motion *In Limine* violated the Local Rules. Doc. 55 at 7.

the Court planned to address the Motion in *Limine* at the Final Pretrial Conference, but Plaintiff's counsel did not appear. As such, despite Defendant and the Court's readiness to litigate these important pretrial issues, the Court could not do so. Indeed, due to Plaintiff's failures, the Court was forced to cancel the trial. Docs. 35, 36. As a result, the Court entered the Order to Show Cause and needed to set aside even more time to conduct another pretrial conference. Docs. 36, 40. Of course, after conducting a subsequent case management conference with Plaintiff's counsel present and setting the trial, Plaintiff intentionally and willfully failed to appear at trial, as will be discussed further. Those events demonstrate a clear record of delay, a failure to prosecute, and violations of the Court's order and rules. *See* Rule 41(b).[6]

The Court is mindful that dismissal with prejudice is an extreme sanction, and some authority reflects that attorney error may not warrant that result. *See Hall v. Comm'r, IRS*, 805 F.2d 1511, 1514 (11th Cir. 1986) ("This court has reversed several district court dismissals of cases pursuant to Rule 41(b) for counsel's error when the facts did not demonstrate a clear pattern of delay or willful contempt and a lesser sanction would have sufficed."); *But see Gratton v. Great American Communications*, 178 F.3d 1373, 1375 (11th Cir. 1999) ("[C]ourts should be reluctant

---

[6] The Court notes that Rule 16(f) also provides support for a dismissal with prejudice. In *Goforth*, the trial court dismissed with prejudice an action for failure to prosecute after counsel failed to submit a preliminary statement and failed to appear at trial. 766 F.2d at 1535. The Eleventh Circuit upheld the dismissal under Rule 41(b) but also noted that counsel engaged in a pattern of delay and failed to comply with the court's scheduling directive. *Id*. The Eleventh Circuit stated that "the trial court would also have been justified in dismissing this action under Rule 16(f)" as a sanction. *Id*. The appellate court stated that Rule 16(f) justified the dismissal sanction for counsel's "disregard of the court's orders to submit a preliminary statement and ultimately to be ready for trial." *Id*. Here, the multiple violations of the Court's scheduling order and rules caused significant and unreasonable delay, wasted judicial resources, and prejudiced Defendant. Accordingly, Rule 16(f)(1)(A) and (C) also justify the sanction of a dismissal with prejudice. *Arellanes v. Cleaning Fla. Serv. Corp.*, 2007 WL 2780896, at *3 (M.D. Fla. Sept. 20, 2007) ("The sanctions contained in Rule 16(f) are designed to punish parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.") (citation omitted).

to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable, **but**, where any other sanction would fail to cure the harm that the attorney's misconduct would cause to the party seeking sanctions, a dismissal may be appropriate regardless of the client's fault.") (emphasis added).

Plaintiff's counsel explains that his failure to comply with the Local Rules and CMSO was not purposeful and does not demonstrate willful conduct to warrant a dismissal with prejudice. With respect to the failure to file the Trial Brief, to file a response to the Motion *In Limine,* and to attend the Final Pretrial Conference, Plaintiff's counsel conceded the violations and "begged the Court's indulgence in his efforts to explain his actions."  Doc. 55 at 8.  Counsel states that it was his lack of experience in "moving a case from complaint to trial before a District Court" and that this "is not the equivalent of an intent to engage in the type of conduct warranting a Rule 41(b) dismissal.  *Id.*[7]

Assuming *arguendo* that Plaintiff's counsel is correct in relation to the pretrial proceedings, the Court still finds that dismissal under Rule 41(b) is appropriate considering Plaintiff's failure to appear at the trial.  After Plaintiff's counsel failed to file the Trial Brief, to respond to the Motion *In Limine*, and to appear for the Final Pretrial Conference, the Court moved the case forward, held a case management conference, amended the schedule, and was prepared to proceed with trial. Defendant prepared for trial and its counsel travelled to Orlando from Washington, D.C. for the trial.  But moments before the trial commenced, Plaintiff's counsel told the Court that Plaintiff would not attend trial due to his fear that Immigration and Customs Enforcement would detain

---

[7] The Court considered counsel's explanation at the case management conference and discharged the show cause order.  Doc. 40.

him at the courthouse.[8]  Doc. 51 at 8.  Plaintiff's counsel then advised the Court that his client abandoned the case and sought dismissal of this action.  Plaintiff's counsel represents that he met with Plaintiff on July 27, 2025, and "had every reason to believe that the trial scheduled for July 29, 2025 would move forward."  Doc. 55 at 9.  Yet, Plaintiff did not appear.  And "[w]here a plaintiff does not appear at the trial date. . . Rule 41(b) dismissal is particularly appropriate." *Luster v. Ledbetter*, 665 F.Supp.2d 893, 97 (M.D. Ala. Oct. 26, 2009).

To emphasize: Plaintiff litigated this case for two years only to abandon it at the moment trial was scheduled to commence based on a calculated and intentional decision.  Plaintiff did not fail to appear due to illness, injury, or misunderstanding.  Plaintiff abandoned prosecution volitionally and without warning to Defendant, his counsel, or the Court.   Plaintiff's conduct wasted the Court and his counsel's time and prejudiced Defendant.  As such, the Court finds that dismissal under Rule 41(b) is warranted as Plaintiff's failure to prosecute and attend the scheduled trial demonstrates willful contempt. *See Rance v. Rocksolid Granit USA, Inc.*, 489 F. app. App'x 314, 317 (11th Cir. Sept. 4, 2012) (finding that the district court did not abuse its discretion in dismissing the case with prejudice when the defendant "stood present ready to litigate" and the plaintiff was "inexplicably and inexcusably absent"); *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 364 (6th Cir. 1999) ("Where a plaintiff does not appear at the trial date or . . . is inexcusably unprepared to prosecute the case, Rule 41(b) dismissal is particularly appropriate.  Indeed, such behavior constitutes the epitome of a 'failure to prosecute.'"); *Johnson v. Kamminga*, 34 F.3d 466

---

[8] The Court has no information suggesting that Immigration and Customs Enforcement agents intended to arrest Plaintiff in relation to these proceedings, nor has Plaintiff provided any such evidence.  All information before the Court suggests that the United States intended to litigate this case in good faith.

(7th Cir. 1994) (affirming a trial court's Rule 41(b) dismissal for failure to prosecute where a plaintiff failed to appear for trial).

Finally, the Court finds that a less drastic sanction would be insufficient. "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt **and** a finding that lesser sanctions would not suffice." *Jones*, 709 F.2d at 1459 (emphasis added). Here, Plaintiff allowed his counsel, Defendant, and the Court to prepare for trial and failed to appear with no warning or adequate reason. As Defendant points out, Plaintiff's fear of detainment might have been addressed through a request to virtually appear or a discussion with Defendant for some assurance that detainment would not occur in relation to these proceedings. Instead of attempting to resolve the issue, Plaintiff abandoned the case. And the Court takes seriously that abandonment happened after the case was litigated and trial was minutes from commencement. There is nothing before the Court to show that these events would not be repeated if Plaintiff is allowed to refile the lawsuit.[9] It is not only the prospect of a second lawsuit that is problematic, but also the probability that the lawsuit would suffer the same procedural death as the instant case given the reason for Plaintiff's abandonment. Thus, the lesser sanction of dismissal without prejudice but with direction for Plaintiff to pay costs under Rule 41(d) would not suffice. Again, this is not a situation where Plaintiff failed to appear due to illness or some other event out of his control. To be sure, such circumstances may warrant a less drastic sanction. *See Luster*, 665 F. Supp.2d at 898 ("The court can imagine any number of mitigating circumstances—illness, family emergency, car trouble, perhaps even an incorrectly marked calendar—which might

---

[9] Defendant provides that "[i]f this action were dismissed without prejudice, Plaintiff would have until May 13, 2027, before the five-year statute of limitations set forth in Section 1503(a) will have elapsed." Doc. 58 at 9 n.3.

warrant a lesser sanction.").  But here, Plaintiff made a deliberate and purposeful decision not to attend trial to the detriment of Defendant.

Plaintiff argues that case law supports a Rule 41(b) dismissal "only in circumstances where the litigant has engaged in ongoing, flagrant and repeated efforts to either disrupt the proceeding or the litigant has otherwise flouted the Court's authority to see the matter to its timely and most expeditious conclusion."  (Doc. 52 at 12).  For the foregoing reasons, the Court finds that not only were there "repeated efforts" to disrupt the proceeding through multiple violations of the Court's order and rules, but that aside, Plaintiff's failure to appear at trial—and the nature and timing of that decision—is the ultimate disregard of the Court's authority.

In sum, Defendant was significantly prejudiced by Plaintiff's decision and the Court finds that dismissal with prejudice is appropriate.  *See Luster*, 665 F.Supp. 2d at ("[A] plaintiff's failure to appear on the date of trial has the potential to cause great prejudice to the defendant, especially where the defendant has taken the time and expense of preparing and appearing for trial himself and has had his attorney and witnesses appear for trial.") (citing *Goforth*, 766 F.2d at 1535) ("[A] lesser sanction than dismissal would not have served the interests of justice" where "[d]efendants were physicians who had to cancel three days of appointments with patients to be present for trial[.]")); *see also Moffitt v. Illinois State Bd. of Educ*., 236 F.3d 868 (7th Cir. 2001) ("A litigant's day in court is the culmination of a lawsuit, and trial dates—particularly civil trial dates—are an increasingly precious commodity in our nation's courts.").[10]

---

[10] In the Response, Plaintiff requests that the Court consider that during discovery, Plaintiff's brother's deposition was scheduled.  Doc. 55 at 10 to 12.  The parties' counsel traveled to Texas, but the deposition did not go forward because the deponent did not appear and cited back pain as the reason for the absence.  *Id*. at 11.  Plaintiff states that his counsel "asked counsel for Defendant whether the Deponent had been contacted and reminded of the scheduled deposition and learned that no such contact had been made."  *Id*.  Plaintiff states that "[j]ust as Defendant herein complains

## IV.    Conclusion

Based on the foregoing, it is **ORDERED** that:

1.   Defendant's Motion (Doc. 51) is **GRANTED;**

2.   Plaintiff's Motion (Doc. 52) is **DENIED**;

3.   the case is **DISMISSED with prejudice**;[11] and

4.   the **CLERK** is directed to terminate any pending motions and close the case.

**ORDERED** in Orlando, Florida on January 12, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

of the time and effort unnecessarily expended on preparing for trial only to learn at the last minute that Plaintiff would not be attending, so too was counsel for Plaintiff concerned that it would appear that no effort had been made to remind the Deponent of the scheduled deposition and his obligation to attend." *Id*.  Plaintiff's point is that "[t]he time that was wasted by all involved in traveling to [Texas] could have been avoided if only such a phone call had been made." *Id*. at 11 to 12.

Plaintiff's argument does not weigh heavily with the Court.  First, Plaintiff does not explain the legal relevancy of Defendant's counsel's conduct to the Rule 41(b) issue. Second, assuming the Court should consider the actions of both parties on this issue, Plaintiff cites to no law that reflects that Defendant's counsel was required to call the deponent as a reminder of a properly scheduled deposition.  Third, even if Defendant's counsel's failure to call resulted in a waste of time, the Court does not find that this conduct is comparable to Plaintiff's failure to comply with Court orders and rules and Plaintiff's decision not to attend trial and abandon the case.  The Court has considered this event and finds that it does not support Plaintiff's request for relief.

[11] Pursuant to Rule 41(b), this dismissal "operates as an adjudication on the merits."  If Defendant seeks the entry of a judgment, Defendant may file a motion compliant with Local Rule 3.01 seeking such relief within 21 days.